IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELIAS LOPEZ-HERNANDEZ, § | |
| ID # 26763-177, § | |
| Movant, § | |
| § | No. 3:21-CV-1128-B-BK |
| v. § | No. 3:19-CR-003-B(1) |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Movant Elias Lopez-Hernandez (Lopez-Hernandez) filed a *pro se Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on May 18, 2021 (Doc. 2). Based on the relevant filings and applicable law, Lopez-Hernandez's motion is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

Lopez-Hernandez challenges his federal conviction and sentence in Cause No. 3:19-CR-003-B(1). The respondent is the United States of America (Government).

**A.   Conviction and Sentencing**

After first being charged by complaint, Lopez-Hernandez was charged by indictment with conspiracy to possess with intent to distribute a controlled substance (Count One), possession of a controlled substance with intent to distribute (Count Two), and illegal reentry after removal from the United States (Count Three). (*See* ocs. 1, 14.)[1] He pled guilty to Counts Two and Three of the indictment under a plea agreement. (*See* Docs. 31, 36.) The plea agreement included a sentencing

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:19-CR-003-B(1).

agreement provision under Federal Rule of Civil Procedure 11(c)(1)(C), pursuant to which the parties agreed that the appropriate term of imprisonment was 144 months for Count Two and 120 months for Count Three, to run concurrently. (*See* Doc. 31 at 4.)

For purposes of sentencing, the United States Probation Office (USPO) prepared a pre-sentence investigation report (PSR). (*See* Doc. 38-1.) In calculating Lopez-Hernandez's offense level, the PSR determined that he was a career offender under U.S.S.G. § 4B1.1 based on his prior felony convictions for possession with intent to distribute cocaine in Cause No. 3:01-CR-144-M(2), and conspiracy to possess with intent to distribute 500 or more grams of cocaine in Cause No. 3:13-CR-223-K(1). (*See id.* at ¶ 60.) His offense level was therefore enhanced to 32, from which three levels were subtracted for acceptance of responsibility, resulting in a total offense level of 29. (*See id.* at ¶¶ 60-63.) Based on a total offense level of 29 and a criminal history category of VI, his guideline range of imprisonment was 151 to 188 months. (*See id.* at ¶ 99.) The Court imposed the Rule 11(c)(1)(C) agreed sentence of 144 months' imprisonment on Count Two and 120 months' imprisonment on Count Three, to run concurrently and be followed by three years of supervised release. (*See* Doc. 47 at 1-3.) Lopez-Hernandez did not appeal his conviction or sentence.

B.  **Substantive Claims**

Lopez-Hernandez's § 2255 motion alleges two grounds for relief based on the ineffective assistance of counsel and one ground for relief challenging the voluntariness of his guilty plea. (*See* No. 3:21-CV-1128-B-BK, Doc. 2 at 7.) The Government filed a response on July 19, 2021. (*See id.*, Doc. 5.) Lopez-Hernandez filed a reply on August 6, 2021. (*See id.*, Doc. 6.)

## II.  SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III.  INEFFECTIVE ASSISTANCE OF COUNSEL

In his first two grounds for relief, Lopez-Hernandez contends that counsel rendered ineffective assistance. (*See* No. 3:21-CV-1128-B-BK, Doc. 2 at 7.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally

3

effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

**A.** **Prior Removal Order**

In his first ground, Lopez-Hernandez contends that counsel was ineffective because he "failed to investigate Movant's prior removal order in order to ascertain whether it could support a violation of 8 U.S.C. § 1326(b)(2)." (No. 3:21-CV-1128-B-BK, Doc. 2 at 7.) According to Lopez-Hernandez, he "was not previously deported but was removed pursuant to 8 U.S.C. § 1225(b)(1) as being inadmissible as a noncitizen." (*Id.*) He claims he "never obtain [sic] any form of administrative hearing to comport with due process," and "[b]ecause the initial proceedings did not comport with

4

due process, it could not form the predicate for a § 1326(b)(2) conviction only reinstatement per § 1231(a)(5)." (*Id.*)

"An alien who is prosecuted under § 1326 may, under certain circumstances, challenge the deportation order that is used as an element of the criminal offense." *United States v. Fuentes-Salgado*, 207 F. App'x 391, 393 (5th Cir. 2006) (citing *United States v. Mendoza-Lopez*, 481 U.S. 828, 838-39 (1997), and *United States v. Benitez-Villafuerte*, 186 F.3d 651, 658 (5th Cir. 1999)). A subsequent removal based on the reinstatement of a prior removal order is a separate removal sufficient to serve as the basis for a § 1326(b)(2) offense. *See id.*; *United States v. Sanchez-Cervantes*, No. SA-12-CR-4(1)-XR, 2012 WL 1313315, at * 14 (W.D. Tex. Apr. 17, 2012) (citing *United States v. Nava-Perez*, 242 F.3d 277, 279 (5th Cir. 2001)). A defendant challenging a deportation order underlying his § 1326(b) conviction "must establish that: (1) the prior deportation hearing was fundamentally unfair; (2) the hearing effectively eliminated the alien's right to seek judicial review of the removal order; and (3) the procedural deficiencies caused actual prejudice." *Fuentes-Salgado*, 207 F. App'x at 393 (citing *United States v. Lopez-Vasquez*, 227 F.3d 476, 483 (5th Cir. 2000). If any of the prongs is not satisfied, the Court need not address the remaining ones. *See id.* A defendant must also first exhaust available administrative remedies before challenging a deportation order. *See id.*

Here, the indictment relied on Lopez-Hernandez's prior deportation and removal from the United States on or about February 8, 2018, as the basis for his illegal reentry charge under § 1326(b)(2). (*See* Doc. 14 at 3.) The record indicates that the 2018 removal was based on the reinstatement of a prior order of removal and was implemented following Lopez-Hernandez's release from imprisonment on another criminal case. (*See* Doc. 38-1 at ¶¶ 33-36); *see also* 8 U.S.C. §

5

1231(a)(5)(stating that a prior order of removal is reinstated from its original date upon a finding that an alien has reentered the country after being removed or departing voluntarily under an order of removal). As a final order of removal for purposes of the illegal reentry statute, the 2018 reinstated removal order could have been reviewed by the Fifth Circuit on a petition for review. *See Fuentes-Salgado*, 207 F. App'x at 394; *Sanchez-Cervantes*, 2012 WL 1313315, at *14. Because Lopez-Hernandez provides no facts or evidence specifically challenging the 2018 reinstatement of a prior order of removal, or showing that the "reinstatement procedures effectively eliminated his right to seek judicial review of the removal order" upon which his § 1326(b)(2) charge was based, i.e., the 2018 reinstated removal order, he fails to show that counsel could have satisfied the criteria to collaterally attack same.[2] *Fuentes-Salgado*, 207 F. App'x at 394; *see also Gonzalez-Gonzalez v. United States*, No. 2:12-CV-0188, 2015 WL 5021412, at *6 (N.D. Tex. Aug. 12, 2015). Nor has he shown resulting prejudice under *Strickland*. His conclusory allegations, unsubstantiated by anything in the record, are insufficient to warrant relief under § 2255. Lopez-Hernandez has failed to satisfy his burden under *Strickland*, and his claim is denied.[3]

---

[2] Lopez-Hernandez's § 2255 filings appear to challenge the validity of his expedited removal from the country for the first time in 2000. (*See* Doc. 38-1 at ¶ 33; No. 3:21-CV-1128-B-BK, Doc. 2 at 7; *id.*, Doc. 6 at 2-3.) The 2000 expedited removal was not the basis for his illegal reentry charge in the underlying criminal proceedings, however. (*See* Doc. 14 at 3.) To the extent Lopez-Hernandez seeks to challenge the 2000 removal order on the premise that it is the underlying order to the 2018 reinstated order, review of such is precluded by § 1231(a)(5). *See, e.g., Sanchez-Cervantes*, 2012 WL 1313315, at *14.

[3] To the extent Lopez-Hernandez contends in his reply that "he was not prosecutable under § 1326(b)(2) as he was not an aggravated felon," his allegation is refuted by the record. (No. 3:21-CV-1128-B-BK, Doc. 6 at 2.) Section 1326(b)(2) applies to any alien under subsection (a) "whose removal was subsequent to a conviction for commission of an aggravated felony[.]" 8 U.S.C. § 1326(b)(2). An "aggravated felony" for purposes of § 1326(b)(2) includes "illicit trafficking in a controlled substance. . . , including a drug trafficking crime[.]" 8 U.S.C. § 1101(a)(43)(B). The record shows that Lopez-Hernandez had been removed from the country subsequent to convictions in this Court for possession with intent to distribute cocaine and conspiracy to possess with intent to distribute 500 grams or more of cocaine, each of which is an aggravated felony for purposes of § 1326(b)(2). Accordingly, to the extent his claim is contingent on the allegation that he was not an aggravated felon under § 1326(b)(2), it is without merit and does not warrant § 2255 relief.

B.      **Failure to Object**

In his second ground, Lopez-Hernandez contends that counsel was ineffective because he "failed to object to the PreSentence Report conclusion that Movant was a career offender based on the fact that Movant's conviction for Conspiracy to Possess With Intent to Distribute under the plain text of U.S.S.G. § 4B1.2 is not a controlled substance offense." (No 3:21-CV-1128-B-BK, Doc. 2 at 7.) He argues that if he had not been improperly classified as a career offender, his guideline imprisonment range would have been 107-114 months. (*See id.*)

Here, the record shows the PSR designated Lopez-Hernandez as a career offender under § 4B1.1 of the applicable guidelines manual based in part on his prior federal felony conviction for conspiracy to possess with intent to distribute 500 or more grams of cocaine.[4] (*See* Doc. 38-1 at ¶ 60.) The Fifth Circuit recently reaffirmed its "longstanding precedent that inchoate offenses like conspiracy are included in the definition of 'controlled substance offense'" for purposes of the career offender enhancement under the sentencing guidelines. *United States v. Vargas*, 74 F. 4th 673, 698 (5th Cir. 2023), *cert. denied*, --- U.S. ----, 2024 WL 674897 (2024); *see also United States v. Goodin*, 835 F. App'x 771, 782 (5th Cir. 2021) (holding the defendant's drug conspiracy conviction constituted a controlled substance offense under the sentencing guidelines based on existing Supreme Court and Fifth Circuit precedent, and citing *Stinson v. United States*, 508 U.S. 36 (1993), and *United States v. Lightbourn*, 115 F.3d 291 (5th Cir. 1997)). Lopez-Hernandez's prior drug conspiracy offense properly qualified as a controlled substance offense for purposes of the career offender enhancement under the sentencing guidelines, so his allegations to the contrary are without

---

[4] Lopez-Hernandez does not challenge the second conviction on which the career offender designation was based.

7

merit.[5] Lopez-Hernandez therefore has failed to show that counsel was deficient for failing to raise a meritless objection to his status as a career offender on the basis that his drug conspiracy offense was not a controlled substance offense. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

Because any such objection was without merit, Lopez-Hernandez also has failed to show resulting prejudice under *Strickland*. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument. . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Lopez-Hernandez has failed to satisfy both *Strickland* prongs, and the claim is denied.

## IV.  INVOLUNTARINESS OF PLEA

In his third ground, Lopez-Hernandez contends that his guilty plea "was unlawfully induced or not made voluntarily or with understanding of the nature of the charges and the consequences of the plea." (No. 3:21-CV-1128-B-BK, Doc. 2 at 7.) He argues he "was incorrectly advise [sic] that he was a career offender when in fact he was not," and based on this alleged incorrect advice, he decided to plead guilty. (*Id.*) He alleges that the "gist of Movant's claim is that appointed counsel provide[d] him with affirmative misadvice [sic] without conducting and [sic] investigation so as to glean a full understanding of relevant sentencing law so that Movant could make a conscious

---

[5] Lopez-Hernandez argues in his reply that, based on the Supreme Court's decision in *Kisor v. Wilkie*, 588 U.S. -----, 139 S. Ct. 2400 (2019), "this Court must find that counsel was ineffective in this case in not objecting to the career offender enhancement and similarly advising Movant to plead guilty as he was a career offender." (No. 3:21-CV-1128-B-BK, Doc. 6 at 6.) In *Vargas*, the Fifth Circuit expressly held that a drug conspiracy offense, like Lopez-Hernandez's, constituted a "controlled substance offense" for purposes of the career offender enhancement, despite and under the ruling set forth in *Kisor*. *See Vargas*, 74 F.4th at 678. Accordingly, Lopez-Hernandez's reliance on *Kisor* does not save his § 2255 motion.

8

decision as to whether to plead guilty or proceed to trial." (*Id.*, Doc. 6 at 7.)

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002); *United States v. Hernandez*, 234 F.3d 252, 254-55 (5th Cir. 2000). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady v. United States*, 397 U.S. 742, 749 (1970)); *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). Courts considering challenges to guilty pleas "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea. . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Here, the record shows that at the time he pled guilty, Lopez-Hernandez understood the nature and elements of the offenses to which he was pleading guilty, the maximum period of imprisonment for each offense was 20 years, and he would be subject to concurrent terms of 144 months' imprisonment on Count Two and 120 months' imprisonment on Count Three under a Rule 11(c)(1)(C) sentencing agreement if the Court accepted the plea agreement. (*See* Doc. 31 at 1-4.) With this knowledge, he went forward with his guilty plea.

Lopez-Hernandez has failed to overcome the great evidentiary weight accorded to court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly). The contemporaneous plea agreement shows that he was clearly informed about and understood his maximum sentence exposure when he pled guilty under the plea agreement, and it contradicts his allegations that his plea was not knowing and voluntary. To the extent his claim relies on the allegations that counsel was ineffective in connection with his designation as a career offender under the sentencing guidelines, his claim is without merit; the career offender designation and corresponding enhancement were appropriate, as discussed. Lopez-Hernandez fails to show that his guilty plea was involuntary or that he was unaware of the consequences of pleading guilty, and his claim is denied.

## V.  EVIDENTIARY HEARING

Lopez-Hernandez requests an evidentiary hearing on his claims. (*See* No. 3:21-CV-1128-B-BK, Doc. 6 at 9.) An evidentiary hearing under § 2255 is not required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Lopez-Hernandez has failed to present independent indicia in support of the likely merit of his claims, he has failed to demonstrate he is entitled to an evidentiary hearing.

## VI.  CONCLUSION

For the foregoing reasons, Lopez-Hernandez's *pro se Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on May 18, 2021 (Doc. 2), is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 4th day of March, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE